# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DENISE GRAVES,
      Petitioner,

     vs.

WARDEN, OHIO
REFORMATORY FOR WOMEN,
      Respondent.

Civil Action No. 1:09-cv-859

Beckwith, J.
Litkovitz, M.J.

**REPORT & RECOMMENDATION**

Petitioner, an inmate in state custody at the Ohio Reformatory for Women, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the petition (Doc. 6), respondent's return of writ (Doc. 14), and petitioner's reply to the return of writ.  (Doc. 20).

## I.  PROCEDURAL HISTORY

### State Court Proceedings

On July 25, 1994, petitioner was indicted by the Hamilton County, Ohio grand jury on one count of murder in violation of Ohio Rev. Code § 2903.02.  (Doc. 14, Ex. 1).  On August 5, 1994, petitioner entered a plea of not guilty.  (Doc. 14, Ex. 2).  After a jury trial, petitioner was found guilty of murder and received a sentence of fifteen years to life in prison.  (Doc. 14, Ex. 3).

### Direct Appeal

Petitioner filed a timely appeal to the Ohio Court of Appeals.[1]  Petitioner raised four assignments of error:

---

[1] Respondent informs the Court that no records pertaining to petitioner's direct appeal remain on file with the Hamilton County Clerk of Courts.  (Doc. 14, p. 2, n.2).

(1) the trial court erred when it admitted the cover sheet to an autopsy report into evidence; (2) that the trial court erred when it allowed Richard Goodwin to testify at trial even though the state failed to include his name on the witness list it supplied to the defense; (3) that the trial court erred when it overruled the motion to suppress evidence filed by Graves; and (4) that her conviction for murder was contrary to the weight and sufficiency of the evidence adduced at trial.

(Doc. 14, Ex. 4, p. 3). On September 15, 1995, the Court of Appeals affirmed the judgment of the

trial court. *Id*.

### Ohio Supreme Court

On September 26, 1995, petitioner filed a timely appeal with the Ohio Supreme Court.

(Doc. 14, Ex. 5). Petitioner presented four propositions of law:

PROPOSITION OF LAW #1:
OPINION TESTIMONY AS TO CAUSE OF DEATH IS INADMISSIBLE WHEN THE EXPERT RENDERING THE OPINION DOES NOT TESTIFY AND NO EVIDENCE AS TO THE BASIS FOR HIS OPINION IS EVER OFFERED.

PROPOSITION OF LAW #2:
A TRIAL COURT ERRS WHEN IT ADMITS THE TESTIMONY OF A SUSPECT WHOSE NAME DID NOT APPEAR ON THE STATE'S WITNESS LIST, AND ALLOWS THE STATE TO IMPROPERLY BOLSTER HIS CREDIBILITY BY INFORMING THE JURY THAT HE HAD TAKEN A POLYGRAPH EXAMINATION.

PROPOSITION OF LAW #3:
A SUSPECT WHO IS INCAPABLE OF UNDERSTANDING EVEN SIMPLE LEGAL TERMS AND CONCEPTS WITHOUT REPETITION, DEMONSTRATION OR EXPLANATION, AND WHO IS HIGHLY SUGGESTIBLE, DOES NOT FREELY AND VOLUNTARILY WAIVE HER RIGHT TO COUNSEL OR TO AVOID SELF-INCRIMINATION BY SIGNING AND INITIALING A WAIVER FORM WHICH SHE DOES NOT UNDERSTAND.

PROPOSITION OF LAW #4:
A TRIAL COURT ERRS IN FAILING TO GRANT A MOTION FOR JUDGMENT OF ACQUITTAL AT THE CLOSE OF THE STATE'S CASE, AND IN ACCEPTING AND JOURNALIZING A VERDICT OF GUILTY WHEN THE EVIDENCE PRESENTED IS INSUFFICIENT, AS A MATTER OF

2

LAW, TO SUSTAIN A CONVICTION, AND THE JURY'S VERDICT IS
CONTRARY TO THE WEIGHT OF EVIDENCE.

(Doc. 14, Ex. 6). On January 17, 1996, the Ohio Supreme Court denied leave to appeal and

dismissed the appeal "as not involving any substantial constitutional question." (Doc. 14, Ex. 8).

### Federal Habeas Corpus

On November 19, 2009, petitioner commenced the instant habeas corpus action. (Doc. 6).

In the petition, it appears that petitioner alleges actual innocence, but does not raise any grounds

for relief. (*See* Doc. 6). Read liberally and in conjunction with the subsequent documents

petitioner filed with the Court, petitioner alleges the following: (1) that her boyfriend at the time

of the offense, Robert Goodwin, was responsible for the murder (*See* Docs. 6, 9, 11, 13, 15, 29,

30); (2) that the trial court erred by failing to grant her motion for acquittal (*See* Doc. 13); (3) that

the trial court erred in allowing the jury to hear the coroner's testimony on the victim's cause of

death (*See* Doc. 9); (4) that the state failed to prove beyond a reasonable doubt all the elements of

the offense of murder (*See* Doc. 13); (5) that petitioner was not properly represented (*See* Docs.

17, 20); (6) that petitioner was prejudiced on account of her race (*See* Doc. 13); and (7) that "in

retaliation, the evidence to her claims has been destroyed leaving her without means to present her

claims fairly." (Doc. 17, p. 2). (*See also* Docs. 20, 21).

Respondent opposes the petition. (Doc. 14). In respondent's return of writ, respondent

first contends that the petition was not timely filed under the applicable one-year statute of

limitations under 28 U.S.C. § 2244(d). (Doc. 14, pp. 5-8). In addition, respondent argues that

petitioner's claim regarding actual innocence is not cognizable as an independent claim in federal

habeas corpus and that petitioner's remaining claims[2] were not fairly presented to the state courts and lack merit. (Doc. 14, pp. 8-20).

## II.  THE PETITION SHOULD BE DISMISSED WITH PREJUDICE BECAUSE IT IS TIME-BARRED UNDER 28 U.S.C. § 2244(d)(1)(A)

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody

pursuant to the judgment of a state court must file an application for writ of habeas corpus within

one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is

tolled during the pendency of a properly filed application for state post-conviction relief or other

collateral review.

The Court must first determine which limitations provision contained in 28 U.S.C. §

2244(d)(1) should be applied to petitioner's grounds for relief.  Petitioner has not argued, nor is

---

[2] Respondent construes petitioner's claims to be that the trial court erred by failing to grant petitioner's motion for acquittal, that the trial court erred in admitting the opinion testimony of the coroner, and that petitioner's boyfriend, Robert Goodwin, committed the offense. (Doc. 14, p. 4).

there evidence in the record to suggest, that the provision set forth in § 2244(d)(1)(C) applies to her claims. Therefore, the one-year statute of limitations began to run when petitioner's conviction became final as set forth in § 2244(d)(1)(A), the date on which an unconstitutional state-created impediment to filing was removed as set forth in § 2244(d)(1)(B), or the date on which the factual predicate of petitioner's claims could have been discovered through the exercise of due diligence as set forth in § 2244(d)(1)(D).

Petitioner has alleged that "in retaliation, the evidence to her claims has been destroyed leaving her without means to present her claims fairly." (Doc. 17, p. 2). (*See also* Docs. 20, 21). However, petitioner has not sufficiently demonstrated that the later limitations period set forth in §§ 2244(d)(1)(B) or (D) applies to her claims. Petitioner has not alleged that a State action was responsible for the alleged destruction of evidence, demonstrated how the alleged impediment specifically hindered her ability to file a timely petition, nor explained why the factual predicate for her claims was not discoverable prior to the instant petition. In fact, from the record it appears that petitioner was unaware that the records of her direct appeal were unavailable until respondent reported so in the return of writ, over thirteen years after her conviction became final.[3] Therefore, it does not appear that the limitations period set forth in §§ 2244(d)(1)(B) or (D) applies to petitioner's claims and her grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review."

---

[3] Petitioner did not present this argument to the Court until after respondent's return of writ was filed. (*Compare* Docs. 17, 20, 21, *with* Docs. 6, 9, 11, 13, 15). In fact, petitioner's sole support for her claim that evidence was destroyed in retaliation is the relevant portion of the return of writ. (*See* Doc. 17, Attachment 1).

Since petitioner's conviction became final prior to the effective date of the AEDPA,[4]

petitioner was entitled to a one-year grace period running from April 24, 1996, the act's effective

date. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002). Accordingly, the limitations period

expired on April 24, 1997 absent the application of the statutory tolling provision set forth in 28

U.S.C. § 2244(d)(2) or any other applicable tolling principles. Fed. R. Civ. P. 6(a); *Bronaugh v.*

*Ohio,* 235 F.3d 280, 285 (6th Cir. 2000). Petitioner's habeas corpus petition was filed on

November 19, 2009, over twelve years after the statute of limitations had expired. Therefore,

unless the limitations period is tolled by statute or otherwise, the petition is time-barred.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in

this case. During the one-year limitations period, petitioner was entitled to statutory tolling under

§ 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or

other collateral review. *See* 28 U.S.C. § 2244(d)(2). *See also Holland v. Florida,* — U.S. —, 130

S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (*per curiam*); *Vroman v. Brigano,*

346 F.3d 598, 602 (6th Cir. 2003). However, because petitioner did not file for post-conviction

relief or collateral review during the limitations period statutory tolling does not apply.

The Court must next consider whether the statute of limitations may be equitably tolled in

this case. The AEDPA's statute of limitations is not jurisdictional and is subject to equitable

tolling in appropriate cases. *Holland*, 130 S.Ct. at 2560. *See also Sherwood v. Prelesnik,* 579

F.3d 581, 587-88 (6th Cir. 2009); *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir. 2004); *Dunlap v.*

*United States,* 250 F.3d 1001, 1004 (6th Cir. 2001). The federal courts apply the doctrine of

equitable tolling sparingly. *Vroman*, 346 F.3d at 604. The Supreme Court has held that "a

---

[4] Petitioner's conviction became final April 16, 1996, when the ninety-day period for seeking certiorari from the United States Supreme Court had expired. *See Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000).

petitioner is entitled to equitable tolling only if [s]he shows (1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (internal citation and quotation marks omitted).

The Sixth Circuit requires the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing h[er] rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing h[er] claim.

*Sherwood*, 579 F.3d at 588; *Dunlap*, 250 F.3d at 1008 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). Under this test, the absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap*, 250 F.3d at 1009; *Andrews*, 851 F.2d at 151 (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

In examining the *Sherwood/Dunlap* factors set forth above, the Court determines that petitioner is not entitled to equitable tolling of the statute of limitations in this case. Petitioner appears to argue that the statute of limitations should not apply based on her being "slightly impaired by a mental health limitation." (Doc. 17) (*See also* Docs. 20, 21). She argues, "[a]s petitioner is without full understanding as claimed in her former appeals, a time waiver should be allowed." (Doc. 17, p. 2). Petitioner likewise claims that, due to impairment by a mental health limitation, "she did not clearly know her rights and or understand the legal system [or] consequences to the case at hand and Petitioner herein has learned ways to contest her case and refute the changes that brought her a life sentence." (Doc. 21) (*See also* Doc. 17).

"The petitioner bears the burden of demonstrating that [s]he is entitled to equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (quoting *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)). "[F]or the mental incapacity of a petitioner to warrant equitable tolling of a habeas statute of limitations, the petitioner must demonstrate that the incompetence affected his or her ability to file a timely habeas petition." *Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010) (citing *Bolarinwa v. Williams*, 583 F.3d 226, 232 (2nd Cir. 2010) ("[Petitioner] must offer a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights." (internal citation and quotation marks omitted))). Mental illness tolls a statute of limitations "only if it actually prevents the sufferer from pursuing [her] legal rights during the limitations period." *Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2006).

While the record includes some support for the fact that petitioner suffered from a degree of mental impairment at the time of the offense,[5] petitioner has not argued nor is there evidence to support a causal connection between her mental impairment and her inability to file a timely habeas petition. In other words, petitioner has neither alleged nor demonstrated that a mental impairment actually prevented her from filing. Petitioner has not shown that the impairment persisted throughout the twelve years between her conviction and the filing of the instant petition nor has she provided any indication that her mental ability has recently improved, which would account for her ability to file the instant petition. In sum, the record before the Court lacks support for the conclusion that petitioner is entitled to equitable tolling based on a mental impairment.

---

[5] The Ohio Court of Appeals noted that "the record does reveal evidence that Graves suffered from some degree of mental impairment." (Doc. 14, Ex. 4, p. 5)

Finally, petitioner has not made a sufficient showing of actual innocence to warrant an exception to the applicable limitations period. "Where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found h[er] guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of h[er] underlying constitutional claims." *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). To establish a credible claim of actual innocence, petitioner must "support h[er] allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence– that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995). The Court notes that actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). *See also Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). The actual innocence exception should remain rare and "only be applied in the 'extraordinary case.'" *Schlup,* 513 U.S. at 321.

Though petitioner asserts her innocence and claims that her boyfriend, Richard Goodwin, committed the offense, she has failed to establish a credible claim of actual innocence. Beyond offering her version of the events surrounding her offense, petitioner has not offered any new evidence to support her claim. Accordingly, an actual innocence exception to the applicable limitations period is not warranted in this case.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed. Neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to toll the limitations period in the instant case.

Therefore, the Court concludes that the habeas corpus petition (Doc. 6) should be

**DISMISSED** with prejudice because it is barred from review by the applicable one-year statute

of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).[6]

---

[6] The Court need not reach respondent's alternative arguments as it is clear that the petition is barred by the statute of limitations.

10

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 6) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue for any of the claims alleged in the petition, which this Court has concluded is barred by the statute of limitations because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[7]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/9/2011

Karen L. Litkovitz
United States Magistrate Judge

RH

---

[7] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of her time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

11

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DENISE GRAVES,                                    Civil Action No. 1:09-cv-859
      Petitioner,

                                             Beckwith, J.
      vs.                                         Litkovitz, M.J.

WARDEN, OHIO
REFORMATORY FOR WOMEN,
      Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☑ Agent<br>☐ Addressee |
| | B. Received by (*Printed Name*) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Denise Graves 35356<br>Ohio Reformatory for Women<br>1479 Collins Avenue<br>Marysville, OH 43040 | D. Is delivery address different from item 1? ☐ Yes<br>    If YES, enter delivery address below:  ☐ No | |
| | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D. | |
| | 4. Restricted Delivery? (*Extra Fee*) | ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7002 3150 0000 8389 0989 | |

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1540

1: 09 cv 859  (Doc. 31)