```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

Denise Graves,                  )
                                )
            Petitioner,         ) Case No. 1:09-CV-859
                                )
    vs.                         )
                                )
Warden, Ohio Reformatory        )
for Women,                      )
                                )
            Respondent.         )

O R D E R

This matter is before the Court on Petitioner Denise Graves's petition for a writ of habeas corpus (Doc. No. 6), Magistrate Judge Litkovitz's Report and Recommendation of February 11, 2011 (Doc. No. 31) and Petitioner's objections to the Report and Recommendation (Doc. No. 33).  In her Report and Recommendation, Judge Litkovitz concluded that Petitioner's habeas petition is barred by the statute of limitations and that there are no grounds for equitable tolling.  For the reasons that follow, the Court agrees.  Petitioner's objections are **OVERRULED.**  Accordingly, the Court **ADOPTS** the Report and Recommendation.  Petitioner's petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

Petitioner was convicted of murder in the Hamilton County Court of Common Pleas and was sentenced to a term of imprisonment of 15 years to life in October 1994.  The Ohio Court

of Appeals affirmed Petitioner's conviction on direct appeal in September 1995. State v. Graves, No. C-950022, 1995 WL 540115 (Ohio Ct. App Sept. 13, 1995). The Supreme Court of Ohio declined to review Petitioner's appeal from that judgment as not involving any substantial constitutional question. State v. Graves, 74 Ohio St.3d 1498 (Ohio 1996). Petitioner did not seek further post-conviction relief from her conviction and sentence in the state courts. Doc. No. 6, at 4.

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in November 2009. Judge Litkovitz interpreted her petition as raising seven assignments of error, but in any event, concluded that they were all barred by the one year statute of limitations provided by 28 U.S.C. § 2244(d)(1). Judge Litkovitz determined that since Petitioner's conviction and sentence became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act, April 24, 1996, the statute of limitations on Petitioner's claims expired on April 24, 1997. Therefore, Judge Litkovitz correctly observed that Petitioner missed the filing deadline by over twelve years.

Judge Litkovitz also determined that there are no grounds to equitably toll the statute of limitations. Petitioner asserted that she is entitled to tolling on the grounds of mental illness. In response, Judge Litkovitz observed that the Ohio

Court of Appeals stated that Petitioner exhibited some degree of mental impairment, but she nonetheless is not entitled to equitable tolling because she did not provide any evidence to support a connection between her mental illness and her inability to file a timely habeas petition.  Additionally, Judge Litkovitz found that Petitioner is not entitled to equitable tolling based on actual innocence because she has not offered any new evidence to support this claim.  Accordingly, Judge Litkovitz recommended that Petitioner's habeas petition be dismissed as being time-barred.

      Petitioner's objections to the Report and Recommendation reiterate that her mental illness prevented her from understanding that she could not seek further review of her conviction and sentence after a certain time period.  Petitioner also submitted the unsigned and unsworn statement of apparently another inmate, who states that Petitioner is mentally impaired and did not understand all of the relevant habeas procedures until recently.  The only other thing that can be gleaned from Petitioner's objections is that she has been on the "MRDD case load . . . since 09," which the Court interprets to mean that she is receiving treatment in prison as being mentally retarded and developmentally disabled.

The Court reviews a magistrate judge's report and recommendation on a dispositive matter de novo.  Fed. R. Civ. P. 72(b).

Petitioner's habeas petition is unquestionably barred by the statute of limitations unless equitable tolling applies. As Judge Litkovitz correctly determined, Petitioner has not submitted any new evidence to support equitable tolling based on actual innocence.  Ross v. Berghuis, 417 F.3d 552, 556 (6th Cir. 2005) (noting that to equitably toll statute of limitations under this theory "the petitioner [must] prove that new reliable evidence establishes his innocence by a more-likely-than-not standard.").

Mental illness will support equitable tolling, but only if the petitioner makes a threshold showing of incompetence and that her incompetence affected her ability to file a timely petition.  McSwain v. Davis, 287 Fed. Appx. 450, 456 (6th Cir. 2008).  In this case, however, as the Magistrate Judge correctly determined, Petitioner has not submitted any evidence to support even a threshold conclusion that mental illness prevented her from filing a timely petition.  While the Ohio court of appeals noted some mental impairment, it also concluded that she was sufficiently competent to voluntarily waive her Miranda rights. Graves, 2008 WL 540115, at *3.  This finding, at a time much closer to the time when the statute of limitations expired, is

4

substantial evidence that Petitioner's mental illness did not prevent her from filing a timely petition.  Compare with Pinchon v. Myers, 615 F.3d 631, 641 (6th Cir. 2010) (petitioner not entitled to equitable tolling based on mental illness where his "mild mental retardation did not render him unable to manage his court filings or participate in the state-court proceedings."). Moreover, Petitioner has not supported her mental illness claim with any prison treatment records.  Finally, the substantial delay between the expiration of the statute of limitations and the time Petitioner filed the instant petition - over twelve years - weighs strongly against applying equitable tolling.  See Allen v. Yukins, 366 F.3d 396, 404 (6th Cir. 2004) ("[T]his court has declined to apply equitable tolling where the delay was far less than seven months.").

In conclusion, for all of the above reasons, Petitioner's habeas petition is barred from review by the statute of limitations.  There are no grounds for equitable tolling. Accordingly, the Court **ADOPTS** the Report and Recommendation. Petitioner's petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

A certificate of appealability will not issue with respect to this order because under the first prong of the applicable two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find

it debatable whether this Court is correct in its procedural ruling.  Petitioner remains free to request the issuance of the certificate of appealability from the Court of Appeals.  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

With respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith.  Therefore, Petitioner is **DENIED** leave to appeal in forma pauperis.  See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**

Date March 3, 2011              s/Sandra S. Beckwith
                                Sandra S. Beckwith
                       Senior United States District Judge